979 F.2d 852
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donny Ray CARTER, Defendant-Appellant.
 No. 92-5238.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1992.
 
 Before BOGGS and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Donny Ray Carter, a federal prisoner, appeals the district court's judgment following his guilty plea to two counts of bank robbery and one count of using a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2113(d) and 924(c)(1). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Carter was named in four counts of an eight-count indictment in which he and his codefendants were charged with robbing two banks in 1991 using firearms. Carter entered into a Rule 11 plea agreement in which he agreed to plead guilty to counts 1, 5, and 7 and to pay restitution. The government agreed to dismiss count 3, recommend a 2-level reduction for acceptance of responsibility, and recommend a sentence in the lower third of the applicable sentencing guideline range. The district court accepted the plea agreement in a proceeding held on December 3, 1991. The court sentenced Carter on February 3, 1992, to 100 months imprisonment for bank robbery, 5 years for using a firearm, 5 years supervised release, and $40,633.33 restitution. Carter's total offense level included the recommended 2-level decrease for acceptance of responsibility. The prison sentence was the minimum available under the applicable guidelines.
 
 
 3
 Carter's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). In this brief, counsel presents two issues: (1) whether the plea proceeding was conducted in a constitutional manner, and (2) whether the defendant was properly sentenced within the guidelines. Although Carter was given until August 17, 1992, to file a supplemental brief, none has been received for filing.
 
 
 4
 Upon review, we grant counsel's motion to withdraw and affirm the district court's judgment because that court did not err in accepting Carter's guilty plea or imposing sentence.
 
 
 5
 Carter's guilty plea was valid because the record shows that it was entered voluntarily, knowingly, and intelligently. See Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969).
 
 
 6
 Carter's appeal of his sentence is meritless for two reasons. First, he made no objection at his sentencing proceeding before the district court and has, therefore, waived his right to appeal the sentence. See United States v. Nagi, 947 F.2d 211, 213 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992). Second, Carter is precluded from appealing his sentence because it is within the applicable guideline range, is not in violation of law, and is not the result of an incorrect application of the guidelines. See 18 U.S.C. § 3742; United States v. Sawyers, 902 F.2d 1217, 1221 n. 5 (6th Cir.1990), cert. denied, 111 S.Ct. 2895 (1991).
 
 
 7
 Accordingly, the motion to withdraw as counsel is granted. The district court's judgment, entered February 7, 1992, is affirmed. Rule (9)(b)(3), Rules of the Sixth Circuit.